## Case No. 10,510a.

ONDERDONK v. FANNING et al.

[5 Ban. & A. 562.] [1]

Circuit Court, E. D. New York.   July, 1880.

### PATENTS—PRELIMINARY INJUNCTION.

It appearing that the alleged infringing machine had been patented to the defendant since a former suit in which a preliminary injunction had been granted against him, but that the machine now made by him was not identical with the machine alleged to infringe in the former suit; and it further appearing that the complainant's patent had never been upheld on final hearing,—a motion for a preliminary injunction was denied.

[This was a bill in equity by Robert Onderdonk against John Fanning and others for damages for violation of rights under patent No. 217,519, for lemon squeezers. The patent in this case was originally issued to the defendant John Fanning, and by him assigned to his wife, Josephine Fanning, and to one Isaac Williams, a one-half interest to each. These assignees assigned the whole patent to the plaintiff. In a former action between the same parties as in this suit, a preliminary injunction was granted to the plaintiff. 4 Fed. 148. Subsequently he moved for an attachment to punish an alleged contempt of this injunction. This motion was denied, on the ground that the machine then manufactured by the defendant was not the same which had been adjudged an infringement of the plaintiff's patent, and was not clearly an infringement, so as to make the defendant liable for a contempt. 2 Fed. 568. In the meanwhile the defendant had procured a patent on his new manufacture. This suit is now brought by the plaintiff to restrain the manufacture of this last machine by the defendant. It is heard upon motion for a preliminary injunction for this purpose.]

Foster, Wentworth & Foster, for complainant.

Edwin H. Brown, for defendants.

BENEDICT, District Judge. This application for a preliminary injunction presents a different state of facts from that shown up-

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

on the similar motion made by the plaintiff in a former suit against this defendant. The machine here complained of is not identical with that involved in the former suit, and for the machine in question here the defendant has been granted a patent since the motion in the former suit. Under these circumstances, and in view of the fact that the validity of the plaintiff's patent has never been upheld at final hearing, I do not consider the case to be one calling for the issue of a preliminary injunction.

Motion denied.

[NOTE. At the final hearing the bill was dismissed on the ground that the defendants' squeezer was not an infringement of the plaintiff's patent. 9 Fed. 106.]